DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael Morosko, appeals the decision of the Summit County Court of Common Pleas, Domestic Relations Division, which granted appellee, Paula Willis, a $40.00 deviation in her child support obligation. This Court affirms.
 I. {¶ 2} The parties' marriage was terminated by dissolution on June 13, 1997. The parties have one minor child, Joshua, born August 12, 1991. A shared parenting plan was incorporated into the dissolution decree. The plan designated appellant as the residential parent.
 {¶ 3} After initially waiving child support, appellant filed a motion for child support on September 17, 1999. In a journal entry dated July 24, 2000, appellee was ordered to pay child support in the amount of $175 per month.
 {¶ 4} In 2002, at appellant's request, the Child Support Enforcement Agency ("CSEA") conducted an administrative review of child support. The CSEA issued a recommendation on May 20, 2002, increasing appellee's child support obligation to $344.96 per month plus an administrative fee. On May 24, 2002, appellee filed a request for court review of CSEA's recommendation. After a hearing, the magistrate issued a decision on July 30, 2002, recommending that appellee pay child support to appellant in the amount of $264.53 per month plus an administrative fee, which is a $40.00 per month deviation downward from the amount specified in the support guidelines. Appellant timely filed objections to the magistrate's decision and appellee responded to appellant's objections. The trial court overruled appellant's objections to the magistrate's decision and made the magistrate's decision the order of the trial court in an entry dated October 21, 2002.
 {¶ 5} Appellant timely appealed to this Court, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The Trial Court Erred In Adopting The Magistrate's Deviation Because The Magistrate's Decision And Finding Of Fact Did Not Contain Sufficient Factual Material For The Court To Analyze That Decision."
 {¶ 6} In his first assignment of error, appellant argues that the magistrate failed to provide the trial court with a sufficient basis for adopting his decision. This Court disagrees.
 {¶ 7} The three cases appellant cites to support his argument were decided prior to July 1, 1995, and, therefore, refer to the prior version of Civ.R. 53(E). Civ.R. 53(E) was amended effective July 1, 1995. The prior version of this rule required that the referee's report contain "findings of fact sufficient for the trial court to make an independent analysis of the issues." Jordan v. Jordan (June 6, 1996), 4th Dist. No. 95CA2333. The current version of Civ.R. 53 provides: "Unless specifically required by the order of reference, a magistrate is not required to prepare any report other than the magistrate's decision." Civ.R. 53 no longer requires the magistrate to set out findings of fact sufficient to enable the trial court to make an independent analysis of the issues. SeeBell v. Bell (June 24, 1998), 9th Dist. No. 2680-M; Burke v. Brown, 4th Dist. No. 01CA731, 2002-Ohio-6164. Parties to a proceeding before a magistrate may request separate findings of fact and conclusions of law under Civ.R. 52. "Once such a request is made, the magistrate must include findings of fact and conclusions of law in its decision." Perkov. Perko, 11th Dist. Nos. 2001-G-2403, 2002-G-2435 and 2002-G-2436,2003-Ohio-1877, at ¶ 20, citing Burke v. Brown, 4th Dist. No. 01CA731, 2002-Ohio-6164. This Court stated in Bell:
"The magistrate is not required to prepare findings of fact and conclusions of law unless (1) required by the order of reference; (2) requested by a party pursuant to Civ.R. 52; or (3) required by law." (Citation omitted.)
 {¶ 8} R.C. 3119.24(A)(2) requires the court to enter in the journal entry findings of fact supporting its determination that a deviation is warranted. In the present case, the magistrate's decision does contain findings of fact as required by R.C. 3119.24(A)(2). Consequently, appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"The Judgment Of The Trial Court In Deviating From The Child Support Guidelines Was Against The Manifest Weight Of Evidence, Contrary To Law And Was Unreasonable, Arbitrary And Unconscionable."
 {¶ 9} In his second assignment of error, appellant argues that the judgment of the trial court was against the manifest weight of the evidence. This Court finds this assignment to be without merit.
 {¶ 10} "It is well established that a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390, citing Boothv. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 11} R.C. 3119.02 governs the calculation of a party's child support obligation. It provides that the amount of child support shall be calculated "in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to3119.24 of the Revised Code." R.C. 3119.022 provides the content and form for the child support computation worksheet applicable to situations where one parent is the residential parent or where the parties have shared parenting.
 {¶ 12} The amount of child support calculated pursuant to the basic child support schedule and applicable worksheet is "rebuttably presumed" to be the correct amount of child support due. R.C. 3119.03. With regard to shared parenting plans, R.C. 3119.24 allows a court to order child support in an amount that deviates from the calculation obtained from the schedule and worksheet if it determines "that amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code[.]" R.C. 3119.24(A)(1).
 {¶ 13} Therefore, "the determination to deviate from the amount calculated from the worksheet is twofold; the court must find that the amount would be unjust or inappropriate and determine that the amount would not be in the best interest of the child." Brown v. Brown, 9th Dist. No. 02CA0030, 2003-Ohio-239, at ¶ 9, citing Paton v. Paton
(2001), 91 Ohio St.3d 94, 96. Furthermore, when the court determines that a deviation is warranted, the court must journalize "its determination that the amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting its determination." R.C. 3119.24(A)(2).
 {¶ 14} In addition, R.C. 3119.24(A)(2) provides, in pertinent part:
"The court shall consider extraordinary circumstances and other factors or criteria if it deviates from the amount described in division (A)(1) of this section[.]"
 {¶ 15} R.C. 3119.24(B) provides:
"For the purposes of this section, `extraordinary circumstances of the parents' includes all of the following:
"(1) The amount of time the children spend with each parent;
"(2) The ability of each parent to maintain adequate housing for the children;
"(3) Each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant;
"(4) Any other circumstances the court considers relevant."
 {¶ 16} R.C. 3119.23 sets forth the factors a court may consider when determining whether to grant a deviation and states, in relevant part:
"The court may consider any of the following factors in determining whether to grant a deviation * * *:
"(G) Disparity in income between parties or households;
"(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;
"(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;
"(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married[.]"
 {¶ 17} In its journal entry, the trial court stated, in relevant part:
"In this case, the record supports the conclusion that the guideline amount of support is unjust or inappropriate and not in the best interest of the child. In deciding to grant a deviation, there are several relevant factors that were considered in this case. There are significant in-kind contributions from Mother, including direct support of schooling and sporting events and payment of clothing for the child. R.C. 3119.23(J). The child would have enjoyed a higher standard of living had the parties' marriage continued. R.C. 3119.23(L). There is also a disparity in income between Father's household and Mother's household. R.C. 3119.23(G). In addition, Father receives a benefit from his remarriage. R.C. 3119.23(H).
"* * *
"1. Effective March 1, 2002, Petitioner-Mother, Paula Willis shall have a child support obligation of $264.53 per month, plus a 2% processing charge, for a total of $269.82 per month. This is a $40.00 per month deviation from the guideline support of $304.53 due to the many things that Petitioner Willis purchases for Joshua throughout the year. R.C.3119.23(J)."
 {¶ 18} Appellant argues that the expenses submitted by appellee in her request for a deviation are not "significant" or "extraordinary." To support her request for a deviation, appellee submitted receipts showing her payment of various expenses for the child including prescriptions, projects for school, school pictures, and special clothing for sporting activities. With regard to child support in a shared parenting situation, there is no bright-line test to determine when a deviation is warranted. See Walker v. Walker, 5th Dist. No. 02CAF04019,2002-Ohio-5293. However, R.C. 3119.24(B) does allow the court to consider the "extraordinary circumstances of the parents'" when determining if a deviation is warranted. In considering appellee's "extraordinary circumstances" as well as the factors set forth in R.C. 3119.23, the trial court found that a $40 per month deviation was warranted. After reviewing the record, this Court finds that the trial court did not abuse its discretion in granting appellee a $40 per month deviation from her child support obligation. Accordingly, appellant's second assignment of error is overruled.
 III. {¶ 19} Appellant's two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
SLABY, P.J.
WHITMORE, J. CONCUR